United States v. Jiau

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         PETER W. HALL,
                    **Circuit Judges**.
         JANE A. RESTANI,*
                    **Judge**.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         **Appellee**,

    **-v.-**                                    15-366

WINIFRED JIAU, a/k/a Wini, DONALD
LONGUEUIL,
         **Defendants-Appellants**,

---

*       The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

1

**SON NGOC NGUYEN, a/k/a Sonny, STANLEY NG,**

**Defendants.**

- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**          Xavier R. Donaldson, New York, New York.

**FOR APPELLEES:**          Richard A. Cooper (Anna M. Skotko on the brief) Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from an order of the United States District Court for the Southern District of New York (Rakoff, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED**.

Defendant Winifred Jiau appeals from an order of the United States District Court for the Southern District of New York (Rakoff, J.), denying Jiau's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A motion for a new trial based on newly discovered evidence "must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). A motion for a new trial on any other grounds must be filed within 14 days. Fed R. Crim. P. 33(b)(2). Where a motion for a new trial is based on a claim of newly discovered evidence, the defendant bears the burden to establish (1) the evidence is genuinely "new," *i.e.*, it was discovered after trial; (2) the evidence could not, with the exercise of due diligence, have been discovered before or during trial; and (3) the evidence is "so material and noncumulative that its admission 'would probably lead to an acquittal.'" United States v. Zagari, 111 F.3d 307, 322 (2d Cir. 1997) (quoting United States v. Siddiqi, 959 F.2d 1167, 1173 (2d Cir. 1992)).

Jiau moved for a new trial on the basis that her counsel had a conflict of interest. The allegedly "newly discovered" evidence consists of printouts of the online biographies of several attorneys involved in the case and excerpts from email communications between Jiau and her prior counsel from November and December 2011. As the district court recognized, the documents provide no support for her claims: they are not "evidence" under Rule 33; and the information (consisting of either emails that Jiau sent or received, or printouts from Internet searches that were readily available at the time of the jury's verdict) was not "newly discovered." Because the motion was not based on newly discovered evidence, and because it was filed eleven months after the verdict, it was properly denied as untimely.

Furthermore, Jiau has demonstrated no circumstances of "excusable neglect" for the failure to file her motion on time. See Fed. R. Crim. P. 33 advisory committee's note to 2005 amendments ("the court may nonetheless consider that untimely underlying motion if the court determines that the failure to file it on time was the result of excusable neglect."). Accordingly, the district court did not abuse its discretion in denying Jiau's motion for a new trial.

For the foregoing reasons, and finding no merit in Jiau's other arguments, we hereby **AFFIRM** the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK